IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH MELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No.: |
| v. | ) |
| | ) |
| MEDTRONIC INC., a Foreign Corporation, and MEDTRONIC MINIMED INC., a Foreign Corporation, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Medtronic, Inc. and Medtronic MiniMed, Inc. (collectively, "Medtronic"), hereby remove this action, *Deborah Melton v. Medtronic, Inc. et al.*, Case No. 2022-L-003425, from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

This Court has jurisdiction over this action because: (1) there is complete diversity of citizenship between Plaintiff and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other removal requirements have been satisfied.

In support of this Notice of Removal, Medtronic states as follows:

**BACKGROUND FACTS**

1. On April 14, 2022, Plaintiff filed an action against Medtronic in the Circuit Court of Cook County, Illinois, Case No. 2022-L-003425, styled as *Deborah Melton v. Medtronic, Inc. et al*. A true and correct copy of this Complaint is attached hereto as **Exhibit A**.

2. The Complaint alleges that Plaintiff Deborah Melton began to use a Medtronic MiniMed Paradigm MMT-723 insulin pump to treat and manage her diabetes. (Ex. A, Compl., ¶¶ 7-8.) The Complaint alleges that sometime on or around April 20, 2020, Plaintiff was injured when her insulin pump "malfunctioned." (*Id.* ¶ 12.[1])

3. Plaintiff alleges damages consisting of personal injuries and past and future: medical expenses, loss of income, loss of enjoyment of life, and pain and suffering. (*Id.* ¶¶ 13, 12.[2])

4. Based on the aforementioned allegations, Plaintiff asserts causes of action for: "Count 1 – Strict Product Liability" and "Count 2 – Negligence." (*Id.* ¶¶ 2-13, 1-12.)

5. A copy of the state court docket is attached hereto as **Exhibit B.**

## VENUE

6. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), this Court is the appropriate place to file this Notice of Removal because this Court is the United States District Court for the district in which the state court action is pending.

## THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION.

7. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

---

[1] Plaintiff's Complaint has two paragraphs that are numbered 12; this citation refers to Paragraph 12 on page three of the Complaint.

[2] Plaintiff's Complaint has two paragraphs that are numbered 12; this citation refers to Paragraph 12 on page five of the Complaint.

***Citizenship***

8. Defendant Medtronic, Inc. is a corporation organized under the laws of the State of Minnesota with its principal place of business at 710 Medtronic Parkway, Minneapolis, Minnesota. (Ex. A, Compl. ¶ 3.) It is a citizen of Minnesota for diversity purposes.

9. Defendant Medtronic MiniMed, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 18000 Devonshire Street, Northridge, California. (*Id.* ¶ 4.) It is a citizen of both Delaware and California for diversity purposes.

10. Plaintiff is a citizen of Illinois, as Plaintiff alleges that she resides in Algonquin, a village in McHenry County, Illinois. (*Id.* ¶ 2.) *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) (stating that, for purposes of diversity, an individual is a citizen of the state where the individual physically resides with intent to remain).

11. Therefore, complete diversity of citizenship exists between Plaintiff and Defendants because Plaintiff is not a citizen of the same state as any of the Defendants.

***Amount in Controversy***

12. This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553.

13. The Complaint lacks a specific ad damnum, which is unsurprising because Illinois generally prohibits such pleading. *See* 735 ILCS 5/2-604.2 ("In a personal injury action, a party *may not claim an amount of money unless necessary to comply with the circuit court rules* about where a case is assigned. . . . [I]f a complaint is filed that contains an amount claimed . . . the complaint shall be dismissed without prejudice on the defendant's motion or on the court's own motion."); *see also Tooley v. Wash. Grp. Int'l*, Case No. 08-1084, 2009 WL 102926, at *2 n.2 (C.D. Ill. Jan. 13, 2009) ("Illinois and other states, such as Indiana, have enacted statutes prohibiting, in varying degrees, statements in complaints which disclose the amount of money a plaintiff seeks.").

14. Where, as here, a Complaint "does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551. As previously explained, the notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and, unless contested by the Plaintiff or questioned by the Court, "the defendant's amount-in-controversy allegation should be accepted." *Id.* at 553-54. If the defendant's allegations are challenged, removal is proper "if the district court finds, by [a] preponderance of the evidence, that the amount in controversy exceeds" $75,000. *Id.* at 554.

15. When weighing whether the amount in controversy is plausible, the Seventh Circuit recognizes a "good faith estimate." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (When a plaintiff "provides little information about the value of her claims . . . a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence . . . The plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount.'"); *see also Back Doctors Ltd. v. Metro.*

4

*Prop. & Cas. Ins. Co.*, 637 F.3d 827, 831 (7th Cir. 2011) (If the defendant presents a good-faith estimate of the stakes, and "that estimate exceeds the jurisdictional minimum, it controls and allows removal unless recovery exceeding the jurisdictional minimum would be legally impossible."); *Walton v. Bayer Corp.*, 692 F. Supp. 2d 1025, 1039 (S.D. Ill. 2010) ("If the allegations are not specific, the Court must then look to whether Defendant's estimate of the amount in controversy in this case was 'plausible and supported by a preponderance of the evidence.'").

16. Although Medtronic denies any liability for Plaintiff's alleged injuries and damages, the amount in controversy alleged exceeds $75,000. Plaintiff alleges that she has suffered personal injury and past and future (1) hospital, medical, and rehabilitation expenses related to services and treatment, (2) loss of income, (3) loss of enjoyment of life, and (4) pain and suffering. (Ex. A, Compl. ¶¶ 13, 12.[3])

17. Medtronic need not wait and confirm through discovery in state court that the jurisdictional amount is satisfied. Indeed, "a defendant who wishes to remove a case to federal court cannot 'wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court.' It is not the law that 'cases are not removable until there has been an absolute affirmation via discovery . . . that more than $75,000 [is] in issue.'" *Fields v. Jay Henges Enters., Inc.*, No. 06-323-GPM, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006) (citation omitted). Rather, "when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value

---

[3] Plaintiff's Complaint has two paragraphs that are numbered 12; this citation refers to Paragraph 12 on page five of the Complaint.

of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1064 (11th Cir. 2010); *see also Century Assets Corp. v. Solow*, 88 F. Supp. 2d 659, 661 (E.D. Tex. 2000) (holding that a complaint "can facially state a claim over the jurisdictional amount when there are no numbers in the [complaint] at all," and that removal was untimely where it was apparent from the complaint that an amount sufficient to satisfy the requirements of diversity jurisdiction was in controversy).

18. Based on the injury and expansive damages allegations, including hospital, medical, and rehabilitation expenses, loss of income, loss of enjoyment of life, and pain and suffering, the amount in controversy as to Plaintiff's claims against Medtronic exceeds $75,000 exclusive of interests and costs.

19. Medtronic has presented a good-faith estimate of the amount in controversy, and recovery exceeding the jurisdictional minimum is possible; therefore, removal is appropriate.

## ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

### *The Notice Of Removal Is Timely.*

20. This Notice of Removal is timely filed. 28 U.S.C. § 1446(b)(1) requires that the Notice of Removal be filed within 30 days of receipt by Medtronic, "through service or otherwise," of a copy of the Complaint. In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, the Supreme Court held that this 30-day period is triggered upon "simultaneous service of the summons and complaint." 526 U.S. 344, 347-48 (1999).

21. Medtronic, Inc. was served with the summons and Plaintiff's Complaint on April 22, 2022. (*See* **Exhibit C**, CSC Service for Medtronic Inc.) Medtronic MiniMed, Inc. was served with the summons and Plaintiff's Complaint on May 4, 2022. (*See* **Exhibit D**, CSC Service for Medtronic MiniMed, Inc.)

22. This Notice of Removal is filed on May 20, 2022, and necessarily meets the timeliness requirements of 28 U.S.C. § 1446(b)(1).

### *Defendants Consent To Removal.*

23. For purposes of removal based on diversity jurisdiction under 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1446(b), all defendants who have been properly joined and served must consent to removal. Medtronic, Inc. and Medtronic MiniMed, Inc. consent to removal, as indicated by the signature block below.

24. The state court docket in this matter does not indicate that any fictitious defendant has been named or served, and thus, no consent to removal is required.

25. By filing this Notice of Removal, Medtronic does not waive any rights or defenses, and expressly reserves all rights and defenses that it may have with respect to Plaintiff's suit.

### *Notice Of This Removal To The State Court And Plaintiff.*

26. Promptly after filing this Notice of Removal, Medtronic will serve Plaintiff and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, to effect removal of this action to the United States District Court, pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing of Notice of Removal in United States District Court which Medtronic will file with that court is attached hereto as **Exhibit E**.

27. WHEREFORE, Medtronic hereby removes the above-captioned matter, now pending against it in the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.

May 20, 2022

Respectfully submitted,

/s/ Michael Baier
Gregory Ostfeld
Michael Baier
**GREENBERG TRAURIG, LLP**
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: 312-456-8400
Email: ostfeldg@gtlaw.com
baierm@gtlaw.com

**ATTORNEYS FOR DEFENDANTS MEDTRONIC, INC. AND MEDTRONIC MINIMED, INC.**

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that the foregoing document, and all attachments thereto, was filed with this Court using this Court's electronic filing system on May 20, 2022, and that on said date a copy was transmitted by email to counsel below:

Richard J. Rosenblum, Esq.
Florina Bandula, Esq.
**MDR LAW, LLC**
180 N LaSalle Street, Suite 3650
Chicago, IL 60601
rich@mdr-law.com
florinab@mdr-law.com

*Attorneys for Plaintiff*

                                                */s/ Michael Baier*
                                                Michael Baier